IN RE INTEREST OF J. L. L., A CHILD UNDER
EIGHTEEN YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, RICHARD DOUGLAS
MCCLAIN, GUARDIAN AD LITEM, APPELLANT, V. EDWARD
F. LAMBERT ET AL., APPELLEES.
288 N. W. 2d 753

Filed February 26, 1980. No. 42674.

Richard Douglas McClain, for appellant.

Dennis R. Keefe, Lancaster County Public Defender, and Mariclare Thomas, for appellees Lambert.

Heard before BOSLAUGH, MCCOWN, CLINTON, and WHITE, JJ., and WOLF, District Judge.

PER CURIAM.

This case arises on the application of the father of an 8-year-old boy, who was deprived of custody by the order of the Separate Juvenile Court of Lancaster County, for an order allowing unsupervised visitation with his son. The court allowed the application and the guardian ad litem appeals.

The order depriving the father of custody was occasioned by the father's incarceration in the Nebraska Penal and Correctional Complex for crimes against property, in the commission of which the son accompanied the father. A previous order allowing supervised visitation arose while the father was incarcerated and continued after release. The order allowing unsupervised visitation was suspended during the pendency of this appeal by the Separate Juvenile Court.

A number of reasons are cited by the guardian ad litem in opposition to unsupervised visitation: The father's decision to involve the boy in crimes he

committed; the pressures and threats against the boy not to reveal the crimes; the son's desire not to be alone with the father; the opposition of the county attorney; the previous threats of the father to remove the child from the jurisdiction; and finally, the boy's statements of sexual abuse.

While not rejecting the statements of the boy, the statement of the court indicates that weighing heavily on its mind was the desirability of establishing a father-son relationship, with safeguards as stated in its order.

We are extremely conscious of the great responsibility of the trial courts in juvenile matters and we place great reliance on the judges who have observed the witnesses and heard the testimony, and their judgments thereon; but here, the Separate Juvenile Court placed great weight, in making its decision, on the control inherent in the father's parole status. We note from the record that the parole was due to expire in October 1979. We note further that the court required visits by the father and son to counselors and child psychologists, that only one visit of the father had occurred before the ruling on the motion for new trial, and that no report was presented to the juvenile court and none is in the record. We are reluctant to experiment with the health and emotional well-being of a child of tender years. State v. Souza-Spittler, 204 Neb. 503, 283 N. W. 2d 48. Therefore, in the exercise of prudence, this court believes the judgment should be reversed and the cause remanded to the Separate Juvenile Court for consideration of those matters specified in its order to determine whether or not its previous order of supervised visitation should be reinstated.

REVERSED AND REMANDED WITH DIRECTIONS.

WOLF, District Judge, concurring.

I concur with the remanding of the case to the trial judge, but I am reluctant to adopt the general

philosophy which may be implied that a trial judge is not permitted to experiment with unsupervised but limited visitation between a child and his parent where there has been admitted sexual abuse in the past.  On the contrary, the trial judge should have wide discretion in his attempts to rehabilitate parent and child until and unless parental rights are actually terminated.

I concur that the case should be remanded to the trial court, but only with the direction that the order of visitation be modified to provide for frequent periodic review by the trial court with the opportunity for the trial court to summarily terminate such visitation ex parte upon it appearing to the court that continuance of such visitation would not be in the best interests of the child.